UNION SWITCH & SIGNAL CO. v. JOHNSON RAILROAD SIGNAL CO.

(Circuit Court, D. New Jersey. September 26, 1893.)

PATENTS FOR INVENTIONS—LIMITATION—PRIOR ART—INFRINGEMENT.

Letters patent No. 216,510, issued June 17, 1879, to A. G. Cummings, for improvements in interlocking railroad switches and signals, which improvements are comprised mainly in a "selector," whereby a switch and two separate and distinct signals or branch lines may be operated by the use of only two levers, must, in view of the prior state of the art, and particularly of the Kelly English patent of 1874, be limited strictly to the construction shown, and are not infringed by a device which has marked difference in the method of operation.

In Equity. Suit for infringement of a patent. Bill dismissed.

J. Snowden Bell, for complainant.

Edwin H. Brown, for defendant.

GREEN, District Judge. The bill of complaint in this cause was filed to enjoin an alleged infringement of letters patent No. 216,510, granted to one Albert G. Cummings, June 17, 1879, for improvements in interlocking switches and signals, which letters patent had been duly assigned by the said Cummings to the plaintiff in the cause. The invention of the patent in suit relates to certain railroad appliances known as "interlocking switches and signals," which have become standard in this country, and indispensable upon all important lines of railroads, because of their material advantages in promoting the certain safety of railroad travel. The patentee states his invention in the letters patent somewhat broadly as follows:

"My present invention relates to certain improvements in what are commonly known as 'interlocking switches and signals,' in which, by a system of levers, stops, connections, etc., a single operator works any desired number of switches and signals near by or at a considerable distance, the construction and arrangement of said devices being such that no switch can be opened and its signal be shifted to 'safety' until all switches that ought to be closed and all signals that ought to be at 'danger' position are properly set or adjusted."

"The present improvement may be incorporated into such a system; or the proper devices used in such system, such as levers, rocking bars, stops, or dogs, etc., may be added to the devices herein described, so as to complete it for separate use."

"The object of my improved construction is to enable a switch—particularly a facing point switch—and two separate and distinct signals or branch lines to be operated by the use of only two levers."

The construction, as described in these letters patent, provides in combination for a switch-operating rod, (R,) a signal-shifting bar, (P,) and two signal rods, (P¹, P²,) adapted to operate independent separate signals. The signal rods are moved longitudinally by the signal-shifting bar in operating the signal connected therewith, and the two signal rods are coincidently movable laterally in and by the movement of the switch-operating rod in setting the switch in one or the other of its positions. This lateral movement of the signal rods engages either of the said rods required to be moved to indicate the position of the switch with the signal-shifting bar, and disengages at the same time the other signal rod from that bar. It is alleged that the defendant has infringed the first and second claims of the patent. They are as follows:

"(1) In a switch and signal interlocking apparatus, two or more signal rods capable of being moved longitudinally for the operating of signals, and laterally movable into and out of engagement with a signal-shifting bar by the same motion which shifts the switch or switch rod, substantially as set forth."

"(2) The combination of two or more laterally movable signal rods, a signal-shifting bar, a link for shifting the signal rods into and out of engagement with the shifting bar, and suitable stop or stops for locking the signal rod or rods which are not in engagement with the shifting bar, substantially as set forth."

Generally stated, the improvement of the patentee is comprised in what is known and commonly termed a "selector." The selector is an apparatus whereby interlocking signals and switches may be operated by fewer levers than were originally requisite. After the complainant had closed his prima facie case, the defendant discovered a British patent issued to James Kelly, of Liverpool,

England, in 1874, which clearly shows a selector substantial'y like the Cummings patent. But that device of Kelly was limited, and adapted to but two signals in connection with a single switch, while the complainant's device is adapted to two or more; and the complainant insists that this relieves his invention from the charge of anticipation as evidenced by the Kelly patent. It was insisted upon the argument that all that Cummings had done by his alleged invention was to increase the capacity of the Kel*y* device, so that it should be operative upon more than two signa's, and that such increase of capacity was not the result of inventive skill, but only such as would be devised by any mechanic skilled in the art. Without attempting to discuss the invalidity of the Cummings patent for this reason, it is sufficient to say that the admitted state of the art compels its strictest construction, and, when so construed, I think the apparatus constructed by the defendant and alleged to be an infringement is so clearly differentiated from the complainant's device as to relieve it from the charge of infringement. Thus, in the Kelly apparatus and in the Cummings apparatus the signal rods move laterally to engage and disengage them with and from the shifting bar. In the defendant's apparatus the signal bars are moved vertically to accomplish the same result. In the Kelly apparatus and the Cummings apparatus the s'gnal rods move in the same plane during their engagement and di engagement. In the defendant's apparatus each signal rod moves in a plane peculiar to itself, and different from the planes of all other signal rods, in engaging and disengaging. In the Kelly apparatus and the Cummings apparatus the signal rods are connected by horizontally moving links. In the defendant's apparatus the signal rods are wholly unconnected with each other. In the first and second claims of Cummings' patent the signal rods are described as moving laterally, and are limited to such. The defendant's apparatus has no laterally moving rods. Other differences are also apparent, but I think sufficient number have been particularized to take the apparatus of the defendant, which, by the way, is itself protected by letters patent, beyond the claim of the alleged infringement. The two devices having, indeed, a common object, are so dissimilar, and are operated so differently, that they must be regarded as different inventions; or, if not so regarded, at least must be held to be simply an increase of capacity of the Kelly apparatus, easily made by any one skilled in the art.

Arriving at this conclusion, the necessary result is that the bill must be dismissed.